IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD DEAN MEARS, 12882-057, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-2708-B |
| ) | |
| JOEL A. SANTANA, ET AL., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a federal inmate for violation of his civil rights pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act ("APA").

Parties:  Plaintiff is presently incarcerated in the La Tuna Federal Correctional Institution. Defendants are Joel Santana, Mark Race and Cynthia Godbold at the Bureau of Prisons ("BOP") Destination Center in Grand Prairie, Texas. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff claims Defendants violated his constitutional rights by assigning him to a facility with a higher custody level and by assigning him to a facility that is over 1,800 miles from his release residence. He states Defendants should have provided him the due process procedures that are available in disciplinary hearings before ordering the transfer. He also argues that BOP Program Statement 5100.08 regarding transfers violates the APA.

Plaintiff seeks money damages.

Screening: A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

Discussion: Under 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") has the authority to decide the place of a prisoner's imprisonment. In pertinent part, 18 U.S.C. § 3621 establishes the BOP's authority to designate a federal prisoner's place of imprisonment once sentence has been imposed:

> The [BOP] shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . .  The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

Further, the Supreme Court has determined that a prisoner has no constitutionally protected right to be placed in the correctional facility of his choice. *Olim v. Wakinekona*, 461

U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993) ("[O]nly the Bureau of Prisons has the actual authority to designate the place of incarceration. The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences.")

Additionally, to the extent that Petitioner argues the BOP Program Statement 5100.08 violates the APA, the Supreme Court has determined that BOP program statements are internal agency guidelines that are not subject to the APA. *Reno v. Koray*, 515 U.S. 50, 61 (1995). According, Plaintiff's complaint should be dismissed.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 28th day of December, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).